### BOWKER v. HAIGHT & FREESE CO.

(Circuit Court, S. D. New York. March 20, 1908.)

RECEIVERS—ANCILLARY RECEIVERSHIP—ALLOWANCE OF COUNSEL FEES.

Counsel for a creditor, who has obtained an adjudication of insolvency against a corporation and the appointment of receivers in an ancillary suit in another jurisdiction, is entitled to an allowance from the fund in such ancillary suit only for services rendered in securing the appointment of such receivers and in the trial of the case in that court, and any

claim for services rendered elsewhere should be submitted to the court of original jurisdiction.

In Equity. On exceptions to report of master.
See 147 Fed. 923.

Wm. P. Maloney, for complainant.
Franklin Bien, for defendant.
Frederick J. Moses, for receivers.

LACOMBE, Circuit Judge. The report of the master on claims is confirmed.

As to the report on allowances to receivers and counsel:

The master, in recommending allowance for counsel for complainant, has evidently erred in two particulars. Counsel made claim for services rendered to the receivership, after appointment of receivers and their counsel. Whatever may be the practice in the bankruptcy courts, such services by complainant's counsel are not included in this court as a charge against the fund. Moreover, a critical examination of the bill of particulars shows that a large part of the services was rendered in the main suit or in proceedings in other jurisdictions. The consideration thereof and allowance therefor should be had and made in the court of original jurisdiction. It is in that suit that consideration should be given to the circumstance that by his initiation of a judicial inquiry the general body of creditors has benefited. Such service was undoubtedly highly meritorious; but it should not be considered twice as an element, here and in the original suit both. The allowance to counsel for complainant, to be charged against the fund here, is reduced to $3,000, covering the appointment of ancillary receivers and the trial of the cause.

The counsel for defendant is entitled as such to no allowance from the fund.

The allowance to counsel for claimants who have proved through Boardman & Co. is increased to $2,000. The circumstance that he was also counsel for defendant does not defeat his claim.

The allowance to counsel for Receiver Colt is increased by $500, and the allowance as thus increased shall be additional to payment already made under prior order of the court.

The allowances to Receiver Robinson and to his counsel are approved, as additional to payments already made them.

The allowance to Receiver Taft is increased to $300.

Master's fees are fixed at $750.

The exceptions are overruled, and, as modified, the report is confirmed.